JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division
Department of Justice
ELLEN M. QUATTRUCCI
Trial Attorney (D.C. BN: 462103)
LORI A. HENDRICKSON
Trial Attorney (Ohio BN: 0067831)
DANNY N. ROETZEL
Trial Attorney (Missouri BN: 34879)
Tax Division, Western Criminal Enforcement Section
        P.O. Box 972
        Washington, D.C. 20044
        Telephone: (202) 514-9370
        Facsimile: (202) 514-9623
        E-mails:  Ellen.M.Quattrucci@usdoj.gov
                  Lori.A.Hendrickson@usdoj.gov
                  Danny.N.Roetzel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 05-316-DSF |
| | ) |
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT |
| | ) JOHN S. LIPTON |
| v. | ) |
| | ) |
| JOHN S. LIPTON, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

1.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this constitutes the plea agreement between JOHN S. LIPTON ("defendant") and the United States Tax Division of the United States Department of Justice ("the government"), in the above-captioned case.  This agreement is limited to the United States Tax Division of the United States Department of Justice

Def Initials _____

1   and the United States Attorney's Office for the Central District

2   of California and cannot bind any other federal, state or local

3   prosecuting, administrative or regulatory authorities.

4                                PLEA

5       2.  Defendant agrees to plead guilty to count 68 of the

6   indictment in <u>United States v. John S. Lipton, et al.</u>, Case No.

7   CR 05-316-DSF, and defendant further gives up the right to

8   indictment by a grand jury and agrees to plead guilty to a one-

9   count information in the form attached to this agreement or a

10  substantially similar form.

11                      NATURE OF THE OFFENSES

12      3.  In order for defendant to be guilty of count 68 of the

13  indictment, which charges a violation of Title 18, United States

14  Code, Section 371, the following must be true:

15      <u>First</u>: From July 1994 to May 2005, there was an agreement

16  between two or more persons to defraud an agency of the United

17  States, specifically the Department of the Treasury;

18      <u>Second</u>: Defendant became a member of the conspiracy knowing

19  of its object and intending to help accomplish it; and

20      <u>Third</u>: One of the members of the conspiracy performed at

21  least one overt act for the purpose of carrying out the

22  conspiracy.

23      4.  In order for defendant to be guilty of count one of the

24  information, which charges a violation of Title 26, United States

25  Code, Section 7201, the following must be true:

26      <u>First</u>:  Defendant owed federal income tax for the calendar

27  year at issue;

28

                          2              Def Initials _____

1    Second:  Defendant knew that he owed federal income tax for
2  said calendar year;

3    Third:  Defendant made an affirmative attempt to evade or
4  defeat assessment and payment of said income tax; and

5    Fourth:  In attempting to evade or defeat such additional
6  tax, the defendant acted willfully, that is, his actions were not
7  due to accident, mistake or negligence.

8    5.  Defendant admits that defendant is, in fact, guilty of
9  these offenses as described in count 68 of the indictment and
10  count one of the information.

## PENALTIES AND RESTITUTION

12    6.  The statutory maximum sentence that the Court can impose
13  for a violation of Title 18, United States Code, Section 371 is:
14  five years imprisonment; a three-year period of supervised
15  release; a fine of $250,000 or twice the gross gain or gross loss
16  resulting from the offense, whichever is greatest; and a
17  mandatory special assessment of $100.  The statutory maximum
18  sentence that the Court can impose for a violation of Title 26,
19  United States Code, Section 7201 is: five years imprisonment; a
20  three-year period of supervised release; a fine of $250,000 or
21  twice the gross gain or gross loss resulting from the offense,
22  whichever is greatest; and a mandatory special assessment of
23  $100.

24    7.  The Court may order defendant to pay any additional
25  taxes, interest and penalties that defendant owes to the United
26  States for tax years 1994 through 2005.  Also, the Court may
27  order defendant to pay the costs of prosecution, which may be in
28  addition to the statutory maximum fine stated above.

3                    Def Initials _____

1   8.   Therefore, the total maximum sentence for the offenses

2   to which defendant is pleading guilty is: ten years imprisonment;

3   a three-year period of supervised release; a fine of $500,000 or

4   twice the gross gain or gross loss resulting from the offenses,

5   whichever is greatest; all additional taxes, interest and

6   penalties that defendant owes to the United States for tax years

7   1994 through 2005; costs of prosecution; and a mandatory special

8   assessment of $200.

9   9.   Defendant agrees, in return for the government's

10  compliance with its obligations under this agreement, to make

11  restitution for the losses of income tax revenue caused by

12  defendant's activities.  Defendant further agrees that defendant

13  will not seek the discharge of any restitution obligation that

14  the court may order, in whole or in part, in any present or

15  future bankruptcy proceeding.  The parties agree to provide the

16  Court with the particulars of either a joint agreement as to

17  restitution or separate submissions on restitution on or before

18  thirty (30) days prior to defendant's sentencing hearing.  The

19  government further agrees not to seek costs of prosecution with

20  regard to the charge in the information.

21  10.   Supervised release is a period of time following

22  imprisonment during which defendant will be subject to various

23  restrictions and requirements.  Defendant understands that if

24  defendant violates one or more of the conditions of any

25  supervised release imposed, defendant may be ordered to serve

26  time in prison for all or part of the term of supervised release,

27  which could result in defendant serving a total term of

28  imprisonment greater than the statutory maximum stated above

4                          Def Initials _____

11.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

12.   Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.   Defendant acknowledges that he was not extradited by the Costa Rican government for violating 26 U.S.C. § 7201, and that he waives any rights, benefits or other defenses he may have had under the doctrines of dual criminality and the rule of specialty for the 26 U.S.C. § 7201 charge by pleading guilty.

FACTUAL BASIS

14.   Defendant and the government agree and stipulate to the statement of facts set forth in Appendix A hereto.  This factual basis is sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 17 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

//
//

5                    Def Initials _____

## WAIVER OF CONSTITUTIONAL RIGHTS

15. By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

6                    Def Initials _____

SENTENCING FACTORS

16.  Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.  In the event the Court does not accept the sentencing stipulations below; however, the defendant will have the opportunity to withdraw his pleas, and the information will be dismissed.

17.  Defendant and the government agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 24 | U.S.S.G. §§2T1.1(a)(1); 2T4.1(J) |
| Use of Sophisticated Means | : | +2 | U.S.S.G. § 2T1.1(b)(2) |
| Role in the Offense | : | +2 | U.S.S.G. § 3B1.1(c) |
| Obstruction of Justice | : | +2 | U.S.S.G. § 3C1.1 |
| Acceptance of Responsibility | : | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level | : | 27 | |

The government will agree to a two-level downward adjustment for acceptance of responsibility and, if applicable, move for an additional level under § 3E1.1(b) only if the conditions set

7                    Def Initials _____

forth in paragraphs 20, 21, 22 and 23 are met.  Subject to paragraph 18, defendant and the government agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed.

Defendant and the government also agree and stipulate that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing Guidelines represent a reasonable basis for the Court to determine defendant's sentence in this case, and agree that an appropriate disposition of this case is that the Court sentence the defendant in mid-June 2010 to a sentence of time served to be followed by a three year term of supervised release.  The recommended sentence is the equivalent of a 72 month sentence with a reduction for "good time" credits. Such a sentence is within the applicable advisory guidelines range for offense level 27 and Criminal History Category I.

18. There is no agreement as to defendant's criminal history or criminal history category.

19. The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement.  Both defendant and the government are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the

8                    Def Initials _____

1  calculations in paragraph 17 are consistent with the facts of

2  this case.

3        20.  Defendant understands and agrees that this agreement is

4  entered into pursuant to Federal Rule of Criminal Procedure

5  11(c)(1)(C).  So long as defendant does not breach the agreement,

6  defendant may withdraw his plea and from this agreement and

7  render it null and void if the Court refuses to be bound by this

8  agreement.  The government may, in its discretion, withdraw from

9  this agreement and render it null and void if the defendant

10  breaches this agreement or the Court refuses to be bound by this

11  agreement.

12                    DEFENDANT'S OBLIGATIONS

13        21.  Defendant agrees that he will:

14             a) Plead guilty as set forth in this agreement.

15             b) Not knowingly and willfully fail to abide by all

16  sentencing stipulations contained in this agreement.

17             c) Not knowingly and willfully fail to obey any other

18  ongoing court order in this matter.

19             d) Not commit any crime; however, offenses which would

20  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

21  not within the scope of this agreement.

22             e) Not knowingly and willfully fail to be truthful at

23  all times with Pretrial Services, the U.S. Probation Office, and

24  the Court.

25             f) Pay the applicable special assessment at or before

26  the time of sentencing, unless the defendant lacks the ability.

27  Defendant agrees to provide the government copies of all

28  financial forms provided to the Probation Office.

                    9                    Def Initials _____

1    22.  Defendant admits that defendant received unreported

2  income for 1994 through 2005, inclusive.  Defendant agrees to

3  cooperate with the Internal Revenue Service in the determination

4  of defendant's tax liability for 1994-2005, inclusive.  Defendant

5  agrees:

6         a) That defendant will file, within 365 days of

7  sentencing, income tax returns for 1994 through 2005, which are

8  subject to the above admissions.  These returns will report all

9  unreported individual income, and defendant will provide the

10  Internal Revenue Service with information regarding the years

11  covered by the returns, and defendant agrees to pay any

12  additional taxes, penalties and interest assessed by the Internal

13  Revenue Service.  These returns and all additional information

14  provided by defendant will be filed with the Internal Revenue

15  Service, Criminal Investigations, Laguna Niguel, California.  If

16  defendant is unable to pay in full the taxes, penalties and

17  interest assessed, defendant shall enter into a payment plan with

18  the Internal Revenue Service for any balance due of said taxes,

19  penalties and interest.

20         b) That nothing in this agreement forecloses or limits

21  the ability of the Internal Revenue Service to examine and make

22  adjustments to defendant's returns after they are filed. If

23  defendant has failed to pay in full all taxes, interest and

24  penalties due 365 days after sentencing, the Internal Revenue

25  Service may take any appropriate action to collect defendant's

26  outstanding taxes, interest, and penalties.

27         c) That defendant will not, after filing the 1994

28  through 2005 individual income tax returns, file any claim for

10                      Def Initials _____

1   refund of taxes, penalties, or interest for amounts attributable

2   to the returns filed in connection with this plea agreement.

3   However, if defendant finds additional information regarding his

4   capital contribution to the Genesis Fund that was not in his

5   possession on the date defendant signs this plea agreement, he

6   may file a claim directly with the office of the Internal Revenue

7   Service, in Laguna Niguel, California, provided a copy of this

8   plea agreement is attached to the claim.   The Internal Revenue

9   Service, in its sole discretion, will decide what is the

10  appropriate action to take based on the filing of the claim.

11       23.   Defendant further agrees to (a) waive any attorney-

12  client privilege for all counsel (except with regard to

13  defendant's current criminal defense counsel) for himself and any

14  entities over which he has or had control and/or authority

15  related to the subject matter of the Indictment and superseding

16  information, including the Genesis Fund, also known as the Human

17  Element, and (b) provide all passwords and means of access to

18  encrypted electronic media formerly controlled or possessed by

19  defendant which is now in the government's possession.

20                    THE GOVERNMENT'S OBLIGATIONS

21       24.   If defendant complies fully with all defendant's

22  obligations under this agreement, the government agrees:

23            a) To abide by all sentencing stipulations contained in

24  this agreement, including recommending a sentence of time served

25  at defendant's sentencing hearing in mid-June 2010.

26            b) At the time of sentencing to move to dismiss the

27  remaining counts of the indictment as against defendant.

28            c) Not to further criminally prosecute defendant for

                         11                    Def Initials _____

1 violations arising out of the following conduct: (i) the subject

2 matter of the charges set forth in <u>United States v. John S.</u>

3 <u>Lipton, et al.</u>, Criminal Case No. CR 05-316-DSF; and (ii) the

4 subject matter of the charge set forth in the accompanying

5 information to this plea agreement.  Defendant understands that

6 the government is free to criminally prosecute defendant for any

7 other unlawful past conduct or any unlawful conduct that occurs

8 after the date of this agreement.

9          d) At the time of sentencing, provided that defendant

10 demonstrates an acceptance of responsibility for the offense up

11 to and including the time of sentencing, to recommend a three-

12 level reduction in the applicable sentencing guideline offense

13 level, pursuant to U.S.S.G. § 3E1.1.

14                          BREACH OF AGREEMENT

15      25.  If defendant, at any time after the execution of this

16 agreement, knowingly violates or fails to perform any of

17 defendant's agreements or obligations under this agreement ("a

18 breach"), the government may declare this agreement breached.  If

19 the government declares this agreement breached at any time

20 following its execution, and the Court finds such a breach to

21 have occurred, then: (a) if defendant has previously entered

22 guilty pleas, defendant will not be able to withdraw the guilty

23 pleas, and (b) the government will be relieved of all of its

24 obligations under this agreement.

25      26.  Following a knowing and willful breach of this

26 agreement by defendant, should the government elect to pursue any

27 charge that was dismissed or not filed as a result of this

28 agreement, then:

                          12              Def Initials

1          a) Defendant agrees that any applicable statute of

2  limitations is tolled between the date of defendant's signing of

3  this agreement and the commencement of any such prosecution or

4  action.

5          b) Defendant gives up all defenses based on the statute

6  of limitations, any claim of preindictment delay, or any speedy

7  trial claim with respect to any such prosecution, except to the

8  extent that such defenses existed as of the date of defendant's

9  signing of this agreement.

10                  LIMITED MUTUAL WAIVER OF APPEAL

11     27.  Defendant gives up the right to appeal any sentence

12  imposed by the Court and the manner in which the sentence is

13  determined, provided that (a) the sentence is within the

14  statutory maximum specified above and is constitutional, and (b)

15  the Court imposes a sentence of time served.  Notwithstanding the

16  foregoing, defendant retains any ability defendant has to appeal

17  the Court's determination of defendant's criminal history

18  category, restitution amount, and the conditions of supervised

19  release imposed by the Court, with the exception of the

20  following: conditions set forth in General Orders 318, 01-05,

21  and/or 05-02 of this Court; and the drug testing conditions

22  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

23     28.  The government gives up its right to appeal the

24  sentence, provided that (a) the sentence is within the statutory

25  maximum specified above and is constitutional, and (b) the Court

26  imposes a sentence within or above the range corresponding to a

27  total offense level of 27, and the applicable criminal history

28  category as determined by the Court.

                          13          Def Initials

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29. Defendant agrees that if either count of conviction is vacated, reversed, or set aside, the government may: (a) ask the Court to resentence defendant on the remaining counts of conviction, with both the government and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on the remaining count of conviction, with both the government and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the government.

COURT NOT A PARTY

30. The Court is not a party to this agreement and need not accept any of the government's sentencing recommendations or the parties' stipulations. In the event the Court declines to follow the plea agreement, the defendant may withdraw his guilty pleas. In the event defendant elects to withdraw his pleas, the information filed in connection with this agreement will be dismissed.

NO ADDITIONAL AGREEMENTS

31. Except as set forth herein, there are no promises, understandings or agreements between the government and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

14                    Def Initials _____

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32.   The parties agree and stipulate that this Agreement and Appendix A will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and a Trial Attorney.

AGREED AND ACCEPTED

TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE
JOHN A. DiCICCO
Acting Assistant Attorney General

_____          _4/1/10_____
                                          Date

ELLEN M. QUATTRUCCI
LORI A. HENDRICKSON
DANNY N. ROETZEL
Trial Attorneys


I have read this agreement and carefully discussed every part of it with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   No promises or inducements have been given to me other than those contained in this agreement.   No one has threatened or forced me in any way to enter into this agreement.   Finally, I am satisfied with the representation of my attorney in this matter.


_____          _MARCH 31, 2010_
JOHN S. LIPTON                            Date
Defendant

15

1     I am JOHN S. LIPTON's attorney.  I have carefully discussed

2 every part of this agreement with my client.  Further, I have

3 fully advised my client of his rights, of possible defenses, of

4 the sentencing factors set forth in 18 U.S.C. § 3553(a), of the

5 relevant Sentencing Guidelines provisions, and of the

6 consequences of entering into this agreement.  To my knowledge,

7 my client's decision to enter into this agreement is an informed

8 and voluntary one.

9

10 _____    3/31/2010
                                  Date

11 MARK WINDSOR
    Counsel for Defendant
    JOHN S. LIPTON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28