MARK WINDSOR (No. 190589)
16 N. Marengo Street, Suite 300
Pasadena, California 91101
Telephone (626) 792-6700
Facsimile (213) 232-3609
mark@windsorlaw.us
Attorney for Defendant, John Lipton

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. CR 05-316-DSF** |
| | ) | |
| Plaintiff, | ) | **STIPULATION RE RELEASE OF** |
| | ) | **DEFENDANT LIPTON ON HIS OWN** |
| **v.** | ) | **RECOGNIZANCE; PROPOSED ORDER** |
| | ) | |
| **JOHN LIPTON, et al.** | ) | |
| | ) | **Date: N/A** |
| Defendants. | ) | **Time: N/A** |
| _____ | ) | **Sentencing Date: August 2, 2010** |

Defendant JOHN LIPTON, by and through his counsel of record, Mark Windsor, and

plaintiff United States, by and through its counsel of record, the United States Attorney for the

Central District of California and the Tax Division of the United States Department of Justice,

hereby stipulate to the release of Mr. Lipton on bond pending sentencing.   The parties have

previously agreed in the plea agreement filed in this case that the appropriate sentence for Mr.

Lipton is time served at a date in mid-June. Probation has calculated that, given credit for his

custody time since May of 2005, and eligibility for early release, Mr. Lipton could have been

released from federal prison in March of this year. *See* Exhibit A attached.  Accordingly, the

parties hereby agree to the release of Mr. Lipton on bond pending sentencing under the following

terms and conditions:

1)      Mr. Lipton will execute an unsecured personal signature bond in the amount of $25,000;

2)      Upon execution of the signature bond, Mr. Lipton will be released to a half-way house/ community corrections center until June 15, 2010. Mr. Lipton will have the ability to enter and leave the half-way house/ community corrections center like other inmates in accordance to the rules of that facility;

3)      On June 15, 2010, Mr. Lipton will be released from the half-way house/ community corrections center, or his processing for release shall commence on that date, and he will report to Pretrial Services in the Southern District of Texas within 96 hours of his release from that facility;

4)      While on bond in the Southern District of Texas, Mr. Lipton will submit to GPS monitoring, and standard conditions of pretrial release in that district;

5)      While on bond in the Southern District of Texas, Mr. Lipton will arrange for and pay for his own travel between the Southern District of Texas and this court for all future court hearings for which a waiver of his presence is not on file.

6)      While on bond, Mr. Lipton shall not travel outside the Southern District of Texas and the Central District of California without the prior approval of Pretrial Services and notification of government counsel.

The parties intend to proceed with final resolution of all restitution issues on August 2, 2010.

Respectfully submitted,

Dated: _____                    _____
                                            MARK WINDSOR
                                            Attorney for John Lipton


Dated:_____                     _____
                                            LORI A. HENDRICKSON
                                            Tax Division, USDOJ