JOHN A. DiCICCO
Acting Assistant Attorney General
LORI A. HENDRICKSON
Trial Attorney (Ohio BN: 0067831)
MATTHEW J. KLUGE
Trial Attorney (PA BN: 204285)
ELLEN M. QUATTRUCCI
Trial Attorney (D.C. BN: 462103)
DANNY N. ROETZEL
Trial Attorney (Missouri BN: 34879)
Tax Division, Western
Criminal Enforcement Section
    P.O. Box 972
    Washington, D.C. 20044
    Telephone: (202) 514-9370
    Facsimile: (202) 514-9623
    E-mails:  Lori.A.Hendrickson@usdoj.gov
              Matthew.J.Kluge@usdoj.gov
              Ellen.M.Quattrucci@usdoj.gov
              Danny.N.Roetzel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR 05-316-DSF |
| ) | |
| Plaintiff, ) | <u>GOVERNMENT'S POSITION REGARDING</u> |
| ) | <u>RESTITUTION FROM DEFENDANT JOHN S.</u> |
| v. ) | <u>LIPTON</u> |
| ) | |
| JOHN S. LIPTON, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

     Pursuant to Paragraph 9 of Defendant JOHN S. LIPTON's Plea Agreement (Docket Entry No. 948), the parties have conferred in an attempt to reach a resolution regarding the amount of restitution to be paid by defendant JOHN S. LIPTON ("defendant LIPTON") as well as a payment plan for restitution due to the Internal Revenue Service.  The parties have not been able to

1 reach agreement.  Therefore, the government's recommendations
2 concerning restitution are set forth below.
3     1.   As a general rule, a restitution order is limited to
4 the loss caused by the conduct at issue in the counts for which a
5 defendant is found guilty.  United States v. Lawrence, 189 F.3d
6 838, 846 (9th Cir. 1999).  Restitution exceeding the loss of the
7 count of conviction, however, may be ordered when the defendant
8 agrees to such in the plea agreement.  United States v.
9 Lorenzini, 71 F.3d 1489, 1495 n. 8 (9th Cir. 1995).  Another
10 exception to the general rule is when the count of conviction
11 "includes a scheme, conspiracy, or pattern of criminal conduct as
12 an element of the offense."  Lawrence, 189 F.3d at 846.  In such
13 cases, the restitution order may include acts of related conduct
14 for which the defendant was not convicted.  Id.
15     2.   In this case, defendant LIPTON agreed, pursuant to his
16 plea agreement, to pay "restitution for the losses of income tax
17 revenue caused by defendant's activities."  (LIPTON Plea
18 Agreement ¶ 9.) The actual loss amount should include interest as
19 well.  United States v. Gordon, 393 F.3d 1044, 1058 (9th Cir.
20 2004).
21     3.   The Court has already determined the scope of the
22 conspiracy and the actual loss caused by the conspiracy that
23 defendant LIPTON joined.  In an order signed on April 26, 2010,
24 after substantial briefing and an evidentiary hearing, the Court
25 determined that the conspiracy joined by defendant LIPTON caused
26 an actual loss of $2,915,427.16. (Docket Entry No. 954.)
27     4.   If this case went to trial, the government would have
28 proved that the conspiracy to defraud the United States included,

among others, defendants LEONARD, PRESTON, NURICK, HINDERS, JOHNSON, and co-conspirator PUTNAM.  Revenue Agent Jean Pugh calculated the tax loss resulting from the conspiracy based upon bank records collected during the investigation.  For each member of the conspiracy, Revenue Agent Pugh determined the amount of money each received from the Genesis Fund.  She then calculated the tax loss based upon a conservative capital gain rate of 25% of the income received:

|         | Genesis Fund Distributions | Tax Loss    | Interest          | Total (Tax Loss + Interest) |
|---------|---------------------------|-------------|-------------------|-----------------------------|
| LEONARD | $ 1,655,401.69            | $319,001    | $ 220,898.21      | $539,899.21                 |
| PRESTON | $   936,692.91            | $212,311    | $ 137,184.35      | $349,495.35                 |
| PUTNAM  | $ 1,543,705.56            | $308,272    | $ 227,432.29      | $535,704.29                 |
| NURICK  | $ 1,360,009.77            | $143,221    | $ 123,476.15      | $266,697.15                 |
| HINDERS | $   925,060.64[1]         | $71,964     | $  49,807.04      | $121,771.04                 |
| JOHNSON | $ 2,464,593.41            | $238,558    | $ 178,868.92      | $417,426.92                 |
| LIPTON  | $ 1,724,703.27            | $334,854    | $ 349,579.20      | $684,433.20                 |
|         | $10,610,167.25            | $1,628,181  | $1,287,246.16     | $2,915,427.16               |

     5.   The conspiracy to defraud the United States involved the use by defendants of foreign trusts, corporations, and bank accounts in order to receive distributions from the Genesis Fund, which they then did not report to the IRS.  As part of this

---

[1] In the government's previously filed version of this Summary of Genesis Funds Distributions and Total Tax Loss and Interest, filed in connection with Defendant Leonard's restitution hearing, the government mistakenly listed that Defendant Hinders received a total of $925,061.52 from the Genesis Fund - an overstatement of $.88.  However, this minor error had no impact on the calculation of the Total Tax Loss and Interest.

1  conspiracy, defendants maintained what they referred to as
2  "disclosed" and "undisclosed" Genesis Fund accounts.
3      6.    Evidence obtained by the government and which would
4  have been presented at trial illustrates the scope of this
5  conspiracy and defendant LIPTON's participation in it.  In an
6  email dated November 27, 1999, from defendant LIPTON to Genesis
7  Fund partners and others, defendant LIPTON stated the following:

> What I am referring to in this letter is our **undisclosed** relationships with Genesis.  Most of us have either Jay Lashlee created trusts or alter-ego entities holding **undisclosed** Genesis Fund account relationships.  If you have a U.S. corporation, family partnership or non-Lashlee created trust which holds an **undisclosed** Genesis Fund account relationship, and if you have received distributions from this **undisclosed** account, you may wake up one day and discover the tax man at your doorstep asking how you intend to cover the tax liability associated with this account.  Also, if a Lashlee created trust is holding your **undisclosed** Genesis Fund account and if you have received distributions, you will most certainly be visited by a tax man.
>
> Each of us has gone through a great extent to establish a relationship outside the U.S.  I strongly suggest you transfer the assets of your **undisclosed** Genesis Fund relationship to that offshore relationship.

(See E-mail dated November 27, 1999, attached hereto as Exhibit 1) (emphasis in original).  This e-mail demonstrates defendant LIPTON's use of disclosed/undisclosed accounts, and shows that a principal concern regarding the use of undisclosed Genesis Fund accounts was tax evasion.

    7.    In his plea agreement, defendant LIPTON admitted using the following nominee entities to evade the assessment and payment of income tax:

4

| | |
|---|---|
| JSL Account Trust | Domestic Trust |
| BRL Account Trust | Domestic Trust |
| Genuine Management Trust | Domestic Trust |
| Internet Control Trust | Domestic Trust |
| Sorrell Property Trust | Domestic Trust |
| Pal Marketing Trust | Domestic Trust |
| T.H.E. Account Trust | Domestic Trust |
| Distribuidora Antioquia de Occidente S.A. | Costa Rican Corp. |
| Latham Enterprises | Costa Rican Corp. |
| Larix International | Costa Rican Corp. |
| Venture Sports Corporation | Costa Rican Corp. |
| Village Hall Investments | Costa Rican Corp. |

LIPTON Plea Agreement, Factual Basis ¶ 8.  These are the nominee entities Revenue Agent Pugh attributed to defendant LIPTON in her tax computations.  Revenue Agent Pugh determined that defendant LIPTON received $ 1,724,703.27 in distributions from the Genesis Fund which resulted in an actual loss of $684,433.20.

   8.   The government incorporates and relies on Revenue Agent Pugh's tax computations and supporting documentation previously filed with the Court in connection with defendant RICHARD B. LEONARD's restitution hearing (See Docket Entry No. 943).

   9.   At this time, the government is unaware of any assets owned by defendant LIPTON.  According to the Presentence Report, defendant LIPTON has no assets.[2]  PSR, ¶ 117-121.

---

[2] Defendant LIPTON disclosed his prior ownership interest in a residence in Costa Rica that is either currently owned by his wife or an irrevocable trust.  The government's recommendation concerning a payment plan could change if evidence is obtained

10. Given defendant LIPTON's apparent lack of assets, the government recommends that the Court order defendant LIPTON to make monthly payments towards any outstanding restitution in the amount of not less than twenty-five percent of his monthly income, monthly payments to begin immediately. Currently, defendant LIPTON is set to begin receiving payments of $1,414 per month from Social Security. PSR, ¶ 121. Twenty-five percent of $1,414 equates to a monthly payment of $353.50.

11. The government further recommends that the Court's restitution order require defendant LIPTON to notify the Court and the United States Probation Office within thirty days of any material change in his economic circumstances that might affect his ability to pay restitution. See 18 U.S.C. §§ 3664(k) and 3572(d).

12. The government also recommends that defendant LIPTON be advised that (i) any payment schedule is a minimum expectation, (ii) that defendant LIPTON is expected to pay whatever is possible at all times, and (iii) that the government's collection is not limited to the schedule set.

---

that defendant LIPTON is the true owner of this property.

```
 1  Date: July 2, 2010              Respectfully submitted,
 2
 3                                  JOHN A. DiCICCO
                                    Acting Assistant Attorney General
 4
 5                                  s/Ellen M. Quattrucci
                                    LORI A. HENDRICKSON
 6                                  MATTHEW J. KLUGE
                                    ELLEN M. QUATTRUCCI
 7                                  DANNY N. ROETZEL
                                    Trial Attorneys
 8                                  Tax Division
 9                                  Attorneys for Plaintiff
                                    United States of America
10
11
12
...
28
```