MARK WINDSOR (No. 190589)
16 N. Marengo Street, Suite 300
Pasadena, California 91101
Telephone (626) 792-6700
Facsimile (213) 232-3609
windsorlaw@gmail.com
Attorney for Defendant, John S. Lipton

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.   CR-05-316-DSF |
| Plaintiff, | **DEFENDANT LIPTON'S POSITION REGARDING RESTITUTION** |
| v. | |
| JOHN S. LIPTON | |
| Defendant. | |

Mr. Lipton here submits his position regarding restitution, as required by his plea agreement. In sum, his position is that his taxable income for the relevant time period is $1,500,000.00, that restitution should be for the amount of tax he would have owed based upon that income, and that he should currently be required to repay the amount of restitution at a rate of $25 per month.

**I.   MR. LIPTON REQUESTS THAT THE COURT ONLY ORDER HIM TO PAY RESTITUTION FOR THE AMOUNT OF LOSS SUSTAINED AS A RESULT OF HIS CONDUCT.**

The government has included in its calculation of restitution the loss sustained by the United States as a result of the conduct of all of Mr. Lipton's co-defendants. Mr. Lipton

1

concedes that restitution for losses for a violation of 18 U.S.C. § 371 is mandated pursuant to 18 U.S.C. § 3663A. *See* 18 U.S.C. § 3663A (a)(1), (c)(1)(A)(ii). However, section 3664 of Title 18 states:

> If the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or *may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant*.

18 U.S.C. § 3664(h) (emphasis added); *see also* 18 U.S.C. § 3663A(d) (stating that an order of restitution under this section is issued and enforced pursuant to § 3664). The district court has the discretion to apportion the total of restitution among the defendants. *United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002). If a district court declines to do so, the Ninth Circuit has asked the court to support its conclusion and clarify its reasoning. *United States v. Walton*, 217 F.3d 443, 451-52 (9th Cir. 2000). Mr. Lipton requests that the Court only apportion liability to him for the losses that he personally caused.

Courts have followed that approach under § 3664(h) in several cases. In *United States v. Foreman*, 329 F.3d 1037 (9th Cir. 2003), a defendant and two co-defendants stole personal checks, forged them, and then cashed them. *Foreman*, 329 F.3d at 1038. The Ninth Circuit affirmed the district court's order of restitution. *Foreman*, 329 F.3d at 1039. The district court ordered that each defendant only pay his level of contribution to the victims' losses. *Foreman*, 329 F.3d at 1029. As a result, the defendant only paid for those checks that he acknowledged he helped cash. *Foreman*, 329 F.3d at 1029; *see also United States v. Quarrell*, 310 F.3d 664, 678-79 (10th Cir. 2002) (apportioning the value of restitution in thirds to each of three defendants). While the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, does limit the district court's discretion in imposing restitution in many ways, *United States v. Bright*, 353 F.3d 1114, 1120-21 (9th Cir. 2004), the district court still retains the authority to apportion the restitution as it sees

fit. *Cf.* 18 U.S.C. §§ 3664(h); 3663A(d).

When calculating restitution for Mr. Leonard, the government already demonstrated that it is feasible to attribute particular losses to each defendant. (Document 903). The government has provided an estimate (although erroneous) of how much income that Mr. Lipton earned during the years of the conspiracy to show how much taxes that he owed the United States during those years. The government completed a similar analysis for other co-defendants. Furthermore, the government has been able to pinpoint which transactions that Mr. Lipton conducted or directed in the plea agreement. Mr. Lipton directed Edward Lashlee to open bank accounts that Mr. Lipton would later use to deposit money from the investment fund. Additionally, Mr. Lipton coordinated with Arnoldo Andre and his law firm in Costa Rica, Andre Tinoco & Associates, to transfer money from bank accounts in Costa Rica to his personal bank account and to accounts of companies under the control of Andre and his law firm. These detailed facts, along with the calculation of losses attributable to each defendant, provide the court with sufficient information to apportion the restitution among the defendants.

Furthermore, apportionment of losses pursuant to 18 U.S.C. § 3664(h) would be consistent with the plea agreement between the government and Mr. Lipton. The plea agreement states that: "Defendant agrees, in return for the government's compliance with its obligations under this agreement, to make restitution for the losses of income tax revenue *caused by defendant's activities*." (Document 948, at p. 4) (emphasis added). By signing this agreement, Mr. Lipton confirmed his intention to pay restitution for the losses of income tax revenue that he personally caused. Mr. Lipton requests that the Court uphold this agreement and order him to pay for only those losses that the government shows are attributable to him.

//

3

## II. MR. LIPTON SHOULD BE REQUIRED TO MAKE MONTHLY PAYMENTS IN THE AMOUNT OF $25.

Currently, Mr. Lipton is living in an approximately 900 square foot apartment with his wife. His rent is currently $794 per month, he pays $25 per month in renters insurance, $90 per month for electronic monitoring, and an estimated $140 per month for water and electricity. This comes to $1,049.00 per month. This leaves $365 per month to pay for restitution, food, and absolutely any other expense, including any health related expenses. After sentencing, when presumably he no longer must endure electronic monitoring, that figure for all non-housing expenses will be $455 per month. Under these circumstances, a monthly payment of $25, at least until Mr. Lipton is able to find employment to supplement his social security, is warranted.

## III. MR. LIPTON REQUESTS TO RESERVE THE OPPORTUNITY TO ADEQUATELY RESPOND TO THE GOVERNMENT'S ESTIMATE OF RESTITUTION.

The government has the burden of demonstrating the amount of restitution that a defendant owes for any criminal conviction. 18 U.S.C. § 3664(e); *United States v. Andrews*, 600 F.3d 1167, 1171 (9th Cir. 2010). It is the responsibility of the government to provide adequate reliable evidence. *United States v. Waknine*, 543 F.3d 546, 557-58 (9th Cir. 2008). The Ninth Circuit has explained that after the government provides that evidence, a defendant may confront that evidence and the district court may determine whether that evidence is sufficiently adequate and reliable. *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1149 (9th Cir. 1999). The district court has broad discretion to determine the type and amount of evidence required to support an award of restitution, and may look to evidence beyond the probation office's estimate. *United States v. Najjor*, 255 F.3d 979, 984 (9th Cir.2001); *United States v. Clack*, 957 F.2d 659, 661 (9th Cir. 1992). The government must demonstrate the amount of loss by a preponderance of the

1. evidence. 18 U.S.C. § 3664(e); *United States v. Cienfuegos*, 462 F.3d 1160, 1168-69 (9th Cir. 2006).

In the plea agreement, Mr. Lipton and the government did not stipulate to any estimate of restitution. (Document 948). The probation officer provided an estimate of restitution in the presentence investigation report, as required under 18 U.S.C. § 3664(a). The probation officer based its estimate on a calculation of restitution that the government completed for Richard B. Leonard, one of Mr. Lipton's co-defendants. The government has filed its own estimate that appears to be a restatement of its position with regard to Mr. Leonard, which Mr. Lipton received on July 2, 2010. Currently, Mr. Lipton has not completed his calculations and requires further time to complete the details of his position regarding restitution, and reserves the right to modify and/or supplement his position regarding restitution in his sentencing memorandum, to be filed at a later date.

## VI.  CONCLUSION

For the foregoing reasons, Mr. Lipton requests that the Court (1) reserve him the right to adequately respond to the government's estimate of restitution for his particular case when the government provides that estimate, (2) exclude any losses in the calculation of restitution resulting from his violation of 26 U.S.C. § 7201, and (3) apportion restitution to Mr. Lipton only for the loss that he caused.

Respectfully submitted,

DATED: JULY 5, 2010

_____/s/_____
MARK WINDSOR
Attorney for John S. Lipton

5