MARK WINDSOR (No. 190589)
16 N. Marengo Street, Suite 300
Pasadena, California 91101
Telephone (626) 792-6700
Facsimile (213) 232-3609
windsorlaw@gmail.com
Attorney for Defendant, John S. Lipton

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CASE NO.   CR-05-316-DSF |
| ) | |
| Plaintiff, ) | **DEFENDANT LIPTON'S RESPONSE TO THE** |
| ) | **GOVERNMENT'S POSITION RE:** |
| v. ) | **SENTENCING AND OBJECTIONS TO PSR** |
| ) | |
| **JOHN S. LIPTON** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

PLEASE TAKE NOTICE that Defendant, JOHN S. LIPTON, by and through his counsel Mark Windsor, hereby files this response to the government's position regarding sentencing and objections to the presentence report. This position is based on the arguments below and upon such other items that may be presented to this Court before the hearing and at the hearing on this matter.

//

//

1

## I. INTRODUCTION

On April 8, 2010, Mr. Lipton pled guilty to conspiracy to commit tax fraud, in violation of 18 U.S.C. § 371, and attempt to defeat taxes, in violation of 26 U.S.C. § 7201. (Docket No. 949). The Court has scheduled a sentencing hearing for August 2, 2010. (Docket No. 953). The government has filed a position for sentencing and objections to the presentence report. (Docket No. 1002). The government recommends that: (1) Mr. Lipton receive a sentence of "time served," followed by a three-year term of supervised release; (2) Mr. Lipton pay restitution of $2,915,427.16, which includes the tax loss associated with the income that he personally received, as well as the income received by his co-defendants; (3) Mr. Lipton's sentence does not include forfeiture; and (4) Mr. Lipton's offense level receive a two-level increase pursuant to U.S.S.G. § 3B1.1(c), as opposed to a four-level increase pursuant to U.S.S.G. § 3B1.1(a). (Docket No. 1002). Mr. Lipton is in agreement with the government's position in all above respects save item (2). Mr. Lipton responds below to the government's recommendation that he pay restitution for the tax loss associated with the income that his co-defendants received.

## II. MR. LIPTON DOES NOT CONTEST THE AMOUNT OF INCOME ATTRIBUTED BY THE GOVERNMENT TO HIM DURING THE CONSPIRACY ($1,724,703.27).

After consulting with government counsel, Mr. Lipton concurs in the government's assessment of his income at $1,724,703.27 and stipulates to that amount for purposes of restitution. Mr. Lipton does not concur with the means by which that figure was reached, but agrees with the end result for the purposes of restitution in this case.

//

//

**III.  MR. LIPTON REQUESTS THAT THE COURT ORDER HIM TO PAY RESTITUTION ONLY FOR THE TAX LOSS ASSOCIATED WITH THE INCOME THAT HE PERSONALLY RECEIVED.**

   **A.  THE COURT MAY APPORTION RESTITUTION DESPITE THE NINTH CIRCUIT'S HOLDING IN *BOOTH*.**

The government argues that the Court should order Mr. Lipton to pay restitution for the tax loss associated with income that both he and his co-defendants received from the Genesis Fund. The government requests that the Court hold Mr. Lipton and his co-defendants jointly and severally liable for the total loss caused by the scheme. Relying on *United States v. Booth*, 309 F.3d 566 (9th Cir. 2002), the government explains that he should be held responsible for the total loss where he played an essential role in the tax fraud conspiracy.

Mr. Lipton has outlined arguments in favor of apportionment of restitution in his position regarding restitution. (Docket No. 990). The court has the discretion to apportion liability among the defendants to reflect the level of contribution to the victim's loss. 18 U.S.C. § 3664(h). Courts have followed this approach where the losses to the victim are easily divisible among the defendants and each defendant's contribution to those losses is clear. *See, e.g.*, *United States v. Foreman*, 329 F.3d 1037, 1039 (9th Cir. 2003) (affirming a district court's order that the defendant only pay restitution for losses that the defendant caused); *United States v. Quarrell*, 310 F.3d 664, 678-81 (10th Cir. 1992) (affirming a district court's order that each of three defendants only pay a third of the total losses but ultimately finding that the total calculation of restitution was incorrect). The government has already calculated each defendant's contribution to the total loss to the Internal Revenue Service in Mr. Lipton's case. In its position regarding restitution, the government presented some evidence showing the amount of income each defendant received from the Genesis Fund, and the amount of tax that each defendants should have paid on that income. (Docket No. 989). Since the losses are divisible

among the co-defendants and each defendant's contribution to those losses is itemized, Mr. Lipton requests that the Court apportion the amount of restitution among the defendants, and order him to only pay for the loss resulting from the income that he personally received.

As the government has conceded, this Court may make each defendant liable for the full amount of loss, or this Court may apportion the restitution amounts. The government cites *United States v. Booth*, 309 F.3d 566 (9th Cir. 2002) for the proposition that joint and several liability is appropriate in the case at bar. The government is mistake. *Booth* involved two defendants. One defendant was convicted of wire fraud and money laundering, while the second was convicted of only wire fraud. *Booth*, 309 F.3d at 570. The defendants had a company that matched businesses that wanted to lease durable equipment with investors who wanted to invest in that equipment. The businesses looking for investors paid an upfront fee that was refundable if the defendants' company was unable to find a matching investor. The defendants spent those upfront fees, even though they were unable to make any matches. *Booth*, 309 F.3d at 570. The first defendant was the owner of the company and the leader of the fraudulent operation, while the second defendant was also substantially involved in the fraudulent scheme, negotiating with other parties and signing documents in connection with the scheme. *Booth*, 309 F.3d at 571. Effectively, both defendants had the authority to make decisions in furtherance of the scheme. The second defendant appealed the district court's failure to apportion the restitution between him and the first defendant to reflect both of their roles in the operation. *Booth*, 309 F.3d at 576. The Ninth Circuit affirmed the district court's decision to not apportion restitution, finding that the second defendant played an essential role in the fraudulent scheme and should be held liable for the full amount of loss. *Booth*, 309 F.3d at 576.

The tax fraud conspiracy in Mr. Lipton's case is markedly different. The conspiracy

involved Mr. Lipton and other co-defendants who made independent decisions concerning their individual taxes. To the extent the conspiracy involved the Genesis Fund, the co-defendants were members of a board that made all significant decisions concerning the fund. The government argues that Mr. Lipton played an essential role in the conspiracy because he was a founding member and principal manager of the fund used in the conspiracy, and directed other members of the conspiracy. However, as a principal manager, Mr. Lipton could not unilaterally make decisions concerning the conspiracy without first getting approval from the other co-defendants on the board. Unlike the second defendant in *Booth*, Mr. Lipton did not have the express or inherent authority to make decisions without that approval. Furthermore, it is not at all clear from the facts of *Booth* whether it would have been even feasible to apportion the losses that both defendants caused. The wire fraud scheme involved amounts of money that in no way reflected the involvement of each defendant. On the other hand, in the tax fraud conspiracy, each defendant contributed discrete amounts to the conspiracy and received discrete amounts of income in return. The Court may easily apportion the losses caused by each defendant based on the amount of income that each defendant derived from the conspiracy.

    **B.    THE COURT MAY APPORTION RESTITUTION WHERE MR. LIPTON CANNOT VERIFY THE GOVERNMENT'S CALCULATIONS OF LOSS.**

The government has the burden of showing the amount of loss sustained by a victim as a result of the offense. 18 U.S.C. § 3664(e). After the government provides evidence of loss, the defendant may have an opportunity to confront that evidence. *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1149 (9th Cir. 1999). In its position for restitution and position for sentencing, the government provided estimates of the loss associated with income received by each defendant from the Genesis Fund. (Docket Nos. 989, 1002). As most remaining codefendants face trial on the tax counts in this case, their assistance in analyzing the accuracy of the

government figures will not be forthcoming. Without access to his co-defendants, Mr. Lipton has not been and will not be able to independently verify that income. Where Mr. Lipton cannot verify the government's estimate of loss caused by the co-defendants in this case, Mr. Lipton requests that the Court decline to hold him responsible for that loss.

### III. CONCLUSION

For the foregoing reasons, Mr. Lipton requests that the Court order him to pay restitution only for the loss associated with the income that he personally received.

Respectfully submitted,

DATED: JULY 19, 2010

_____/s/_____
MARK WINDSOR
Attorney for John S. Lipton

//

//