JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division
Department of Justice
ELLEN M. QUATTRUCCI
Trial Attorney (D.C. BN: 462103)
LORI A. HENDRICKSON
Trial Attorney (Ohio BN: 0067831)
DANNY N. ROETZEL
Trial Attorney (Missouri BN: 34879)
MATTHEW J. KLUGE
Trial Attorney (Pennsylvania BN: 204285)
Tax Division, Western Criminal Enforcement Section
    P.O. Box 972
    Washington, D.C. 20044
    Telephone: (202) 514-9370
    Facsimile: (202) 514-9623
    E-mails:  Ellen.M.Quattrucci@usdoj.gov
              Lori.A.Hendrickson@usdoj.gov
              Danny.N.Roetzel@usdoj.gov
              Matthew.J.Kluge@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 05-316-DSF |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT JOHN S. LIPTON'S SENTENCING MEMORANDUM** |
| v. | |
| JOHN S. LIPTON, et al., | SENTENCING HEARING: |
| Defendants. | Date: August 2, 2010<br>Time: 8:30 a.m. |

Plaintiff, United States of America, by and through its counsel of record, Trial Attorneys Lori A. Hendrickson, Ellen M. Quattrucci, Danny N. Roetzel, and Matthew J. Kluge, Department of

3966144.1

Justice, Tax Division, hereby files this Response to Defendant JOHN S. LIPTON's Sentencing Memorandum.

The government's Response to Defendant JOHN S. LIPTON's Sentencing Memorandum is based on the attached memorandum of points and authorities; the record and file in this case; and any additional evidence and argument that the Court receives prior to or at the hearing on defendant LIPTON's sentencing.

Dated: July 19, 2010               Respectfully Submitted,


                                   JOHN A. DiCICCO
                                   Acting Assistant Attorney General


                                   /s/ Matthew J. Kluge
                                   LORI A. HENDRICKSON
                                   ELLEN M. QUATTRUCCI
                                   DANNY N. ROETZEL
                                   MATTHEW J. KLUGE

                                   Trial Attorneys
                                   United States Department of Justice
                                   Tax Division

3966144.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

Defendant JOHN S. LIPTON ("defendant" or "LIPTON") makes several erroneous assertions in his Sentencing Memorandum (Docket Entry No. 1003) regarding the government's request that he be ordered to pay restitution as part of his sentence. The government files this response to correct these erroneous claims and prevent any misunderstanding of the facts regarding the government's restitution calculations. The government maintains that, in addition to a sentence of time-served, followed by a three-year term of supervised release, this Court should order defendant LIPTON to pay restitution to the Internal Revenue Service ("IRS") in the amount of $2,915,427.16.

**II**

**ARGUMENT**

**A.   As Part of Defendant LIPTON's Sentence, He Should Be Ordered to Pay Restitution in the Amount of $2,915,427.16**

   **1.   The Government Has Met Its Burden in Establishing That the Loss as a Result of the Conspiracy Is $2,915,427.16**

Defendant LIPTON asserts that the government has not established the loss as a result of the conspiracy by any standard of proof. Defendant LIPTON further asserts that the government has provided little in the way of justification for its calculations regarding the tax loss as a result of the conspiracy to which defendant LIPTON pleaded guilty. Defendant LIPTON could not be more mistaken.

First of all, defendant LIPTON caused the transfer of

approximately nineteen (19) boxes of Genesis Fund documents to Costa Rica in April 2000 in obstruction of the grand jury investigation into the activities of the Genesis Fund.  (Docket Entry No. 948-1, LIPTON Plea Agreement, Appendix A ¶ 9.)  As a result, the government made extraordinary efforts to reconstruct as best it could the income defendant LIPTON and his co-conspirators received from the Genesis Fund.  Defendant LIPTON should not be permitted to benefit now from his obstruction of justice by claiming that the government's restitution calculations are somehow lacking.

As the Court outlined in its April 26, 2010 order regarding restitution to be paid by defendant RICHARD B. LEONARD ("LEONARD"), the government must prove the amount of restitution owed by a preponderance of the evidence.  (Docket Entry No. 954, citing 18 U.S.C. § 3664(e).)  In using the bank deposit method of proof to calculate unreported income, the government has "an overall burden to prove that it has done the best it can to discover, and exclude, all non-income items from the reconstructed income." United States v. Stone, 770 F.2d 842, 844 (9th Cir. 1985) (quoting United States v. Morse, 491 F.2d 149, 154 (1st Cir. 1974)).  The government is responsible for investigating "explanations of the defendant reasonably susceptible of being checked." Holland v. United States, 348 U.S. 121, 138 (1955).  "But where relevant leads are not forthcoming, the Government is not required to negate every possible source of nontaxable income, a matter peculiarly within the knowledge of the defendant." Id.  As noted by the Court of

4

3966144.1

Appeals for the Ninth Circuit, "[t]he adequacy of a bank deposits investigation necessarily turns on its own circumstances." Stone, 770 F.2d at 845 (citation omitted).

The government has met its burden of proof by a preponderance of the evidence that the amount of restitution owed is $2,915,427.16 and, despite defendant LIPTON's claims, the government has provided substantial justification for its restitution calculations. The government has provided defendant LIPTON with a summary spreadsheet showing the Genesis Funds received by and resulting tax loss and interest due from himself; co-defendants LEONARD, VICTOR H. PRESTON ("PRESTON"), WILLIAM H. NURICK ("NURICK"), MARLYN D. HINDERS ("HINDERS"), and DAVID L. JOHNSON ("JOHNSON"); and co-conspirator MICHAEL PUTNAM ("PUTNAM"). (Docket Entry No. 1002-1.)[1] The government also provided defendant LIPTON with a spreadsheet showing by year and by source the income attributed to him in the government's restitution calculations. (Docket Entry No. 1002-3.) Along with this spreadsheet, the government provided the Revenue Agent's Report (Form 4549-A), which shows, for each tax year, the additional tax and interest due from defendant LIPTON taking into account his unreported income. The government provided defendant LIPTON with similar spreadsheets and accompanying Revenue Agent's Reports for each of his co-conspirators included in the government's restitution calculations. (Docket Entry Nos. 1002-4

---

[1] Defendant LIPTON was aware no later than March 5, 2010 of the specific items of income the government was attributing to him in its conspiracy tax loss computation. (Docket Entry No. 943-5 at 9-22.)

– 1002-9.)  Finally, the government provided defendant LIPTON with a detailed spreadsheet, by nominee bank account, listing the individual transactions the government attributed as being distributions to him from the Genesis Fund.  (Docket Entry No. 1002-2.)  In light of the foregoing, the government can hardly be accused of having provided little in the way of justification for its restitution calculations.

    **2.**   **Defendant LIPTON's Wages Were Properly Included in the Government's Restitution Calculations**

Defendant LIPTON next asserts that in determining his tax liability for tax year 1995, the Revenue Agent improperly included wages defendant LIPTON received from his employer, the Times Mirror, and that these wages were already taxed.  Defendant LIPTON has misread the Revenue Agent's Report.

First of all, the government notes that defendant LIPTON did not even file tax returns for years 1989 through 2005. Therefore, the only taxes paid on wages defendant LIPTON earned from the Times Mirror were the taxes withheld by his employer. In order to calculate defendant LIPTON's tax liability for a given year, the Revenue Agent totaled defendant LIPTON's income from every known source.  The Revenue Agent then credited defendant LIPTON any taxes that were withheld on that income. With respect to the taxes withheld by the Times Mirror, defendant LIPTON was credited these withholdings on the Revenue Agent's Report at page 1, line 15, in the amounts of $54,878 and $4,560 for tax years 1995 and 1996, respectively.  (Docket Entry No. 1002-3.)  Consequently, the Revenue Agent properly included the

wages from the Times Mirror in the calculation of defendant LIPTON's income, and properly credited defendant LIPTON with any taxes withheld on those wages.

### 3. **The Government Correctly Calculated Defendant LIPTON's Genesis Fund Income**

Defendant LIPTON also asserts that the government's restitution calculations wrongly attribute, as income to him, Genesis Fund distributions totaling $74,770.14 into an account named "The Antique Gallery." Defendant LIPTON asserts that this account did not belong to him, nor was it associated with him. The government disagrees. The government attributed distributions from the Genesis Fund into this account as income to defendant LIPTON based on admissions by co-defendant TERESA R. VOGT ("VOGT"). Defendant VOGT was the primary administrator for the Genesis Fund. Her duties as the administrator included issuing distribution checks to Genesis Fund investors and program managers, including defendant LIPTON. In her plea agreement, defendant VOGT specifically stated:

> John Lipton also received Genesis Fund distributions in the name of the following entities:
>
> | Latham Enterprises |
> | --- |
> | Larix International |
> | Venture Sports Corporation |
> | Village Hall Investments |
> | The Antique Gallery |

(Docket Entry No. 842-1, VOGT Plea Agreement, Appendix A ¶ 11.) Accordingly, the government properly attributed distributions to

The Antique Gallery as income to defendant LIPTON.

Even if defendant LIPTON did not control The Antique Gallery, there is sufficient evidence to support the government's calculations regarding the Genesis Fund income received by defendant LIPTON. Defendant LIPTON admitted in his plea agreement to using additional Costa Rica companies to receive Genesis Fund income that the government was not previously aware were associated with him and thus were not included in the government's restitution calculations. Specifically, defendant LIPTON admitted:

> j. From 2001 through 2002 defendant LIPTON caused significant sums of monies to be sent via wire transfer from bank accounts under the control of the Costa Rica law firm, Andre Tinoco & Asociados, to various Costa Rica banks account under the control of Costa Rica lawyer, Arnoldo Andre, in the name of the following six (6) Costa Rica companies: Latham Enterprises, Larix International, Olas de Tambor, The Kind Courier, Venture Sports Corporation, and Village Hall Investments. Furthermore, defendant LIPTON received income from these Costa Rica companies.

(Docket Entry No. 948-1, LIPTON Plea Agreement, Appendix A ¶ 11j.) The government has not included in its restitution calculations Genesis Fund distributions to Olas de Tambor or The Kind Courier. A review of the bank records for accounts used to make Genesis Funds distributions shows that defendant LIPTON received approximately $54,000 in Genesis Fund distributions through these entities.

Additionally, the government has begun to review documents obtained as a result of decrypting defendant LIPTON's hard-drives

8

seized from his residence in Costa Rica.[2] These documents indicate there were additional accounts controlled by defendant LIPTON that received in excess of $800,000 in Genesis Fund distributions that are not currently included in the government's restitution calculations.

### 4. The Court Should Not Credit Defendant LIPTON's Unsubstantiated Claim of Inter-account Transfers and Expenses

Finally, defendant LIPTON contends that the government's calculations make no allowance for deductible items or transfers between accounts. While defendant LIPTON estimates that inter-account transfers between and expenses paid from his numerous nominee accounts total hundreds of thousands of dollars, he offers no evidence to support such claims. This Court has previously noted that the government is responsible for investigating "explanations of the defendant reasonably susceptible of being checked." Docket Entry No. 954, citing Holland v. United States, 348 U.S. 121, 138 (1955). Defendant LIPTON has not provided any evidence or specific leads to the government demonstrating that any of the items attributed to him as Genesis Fund income were in fact inter-account transfers or deductible expenses. Moreover, defendant LIPTON's conduct of shipping nineteen boxes of Genesis Fund documents to Costa Rica in obstruction of a grand jury subpoena seriously impairs the government's ability to investigate defendant LIPTON's

---

[2] As a condition of his Plea Agreement, defendant LIPTON agreed to provide passwords to encrypted files contained on these hard-drives.

unsubstantiated claims.

Furthermore, the overwhelming majority of the items that the government attributed as Genesis Fund income to defendant LIPTON consists of checks or wire-transfers from accounts used by the Genesis Fund to make distributions that were deposited into the nominee accounts defendant LIPTON admitted he used to receive substantial Genesis Fund income. (See Docket Entry No. 948-1, LIPTON Plea Agreement, Appendix A ¶ 8; and Docket Entry No. 842-1, VOGT Plea Agreement, Appendix A ¶¶ 6-7.)  Consequently, these items are clearly not inter-account transfers between two accounts controlled by defendant LIPTON, and were properly attributed to defendant LIPTON as income.  Additionally, the admissions of co-conspirators PUTNAM and PRESTON corroborate the government's restitution calculation methodology. (See United States v. Putnam, No. 05-CR-317-RSWL-1, Docket Entry No. 17, PUTNAM Plea Agreement, Exhibit A ¶ 33; and Docket Entry No. 921, Joint Stipulation of Parties Re: Restitution, Proposed Order, and Motion to Vacate Hearing.)

After defendant LIPTON filed his Sentencing Memorandum, the government spoke with counsel for defendant LIPTON regarding the newly available evidence of additional Genesis Fund income received by defendant LIPTON.  To avoid the need for an evidentiary hearing on restitution, government counsel requested a stipulation to the government's determination that defendant LIPTON received unreported income of $1,724,703.27, as set forth in the government's restitution calculation.  (Docket Entry 1002-3.)  Counsel for defendant LIPTON indicated he would so

stipulate.  The government, however, files this supplemental sentencing memorandum to preserve its positions with respect to the claims raised by defendant LIPTON in his Sentencing Memorandum.

## III

## CONCLUSION

For all the foregoing reasons, the government respectfully requests that the Court reject defendant LIPTON's position with respect to restitution.  The government further respectfully requests that the Court, in addition to sentencing defendant LIPTON to time served and a three-year term of supervised release, also order defendant LIPTON to pay restitution to the Internal Revenue Service in the amount of $2,915,427.16.

Date: July 19, 2010                    Respectfully Submitted,

                                       JOHN A. DiCICCO
                                       Acting Assistant Attorney General


                                       /s/ Matthew J. Kluge
                                       LORI A. HENDRICKSON
                                       ELLEN M. QUATTRUCCI
                                       DANNY N. ROETZEL
                                       MATTHEW J. KLUGE

                                       Trial Attorneys
                                       United States Department of Justice
                                       Tax Division